IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO. _____

| | | |
|---|---|---|
| JOHN HIESTER CHRYSLER JEEP, LLC<br>and HIESTER AUTOMOTIVE GROUP, INC., | ) ) ) | |
| Plaintiffs, | ) ) | EXHIBIT 1 TO |
| v. | ) ) | NOTICE OF REMOVAL |
| GREENWICH INSURANCE COMPANY, | ) ) ) | STATE COURT COMPLAINT |
| Defendant. | ) ) | |

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| COUNTY OF HARNETT | SUPERIOR COURT DIVISION |

JOHN HIESTER CHRYSLER JEEP, LLC )
And HIESTER AUTOMOTIVE GROUP, )
INC. )
      Plaintiffs )
       )
v. )
       )
GREENWICH INSURANCE COMPANY, )
      Defendant )

**COMPLAINT FOR DECLARATORY JUDGMENT and BREACH OF CONTRACT**

**(Jury Trial Demanded)**

*******************************************************************************

Plaintiffs by an through their attorney, Robert A. "Tony" Buzzard, and pursuant to Rule 57 of the North Carolina Rules of Civil Procedure, now comes and requests declaratory judgment and other relief, with respect to the rights and duties of Greenwich Insurance Company and the Plaintiffs John Hiester Chrysler Jeep, LLC and Hiester Automotive Group, Inc under a policy issued by Greenwich Insurance Company during the Policy Periods of November 29, 2014 to November 29, 2015 ( Neffertiti Harris Policy) and February 8, 2015 to February 8, 2016 (Duane Davis Policy), and in support thereof, alleges and complains as follows.

1. That the parties have an actual, justiciable controversy as to the rights and obligations of the parties as outlined below, specifically as to the Plaintiff's Employment Practices Liability Insurance Policy issued by the Defendant to the Plaintiffs.

2. Plaintiffs set forth claims for declaratory relief with respect to the Defendant's duties to the Plaintiffs in coverage on two separate but similarly situated claims filed by the Plaintiffs to the Defendant and for breach of contract.

### I. THE PARTIES

3. The above paragraphs are hereby incorporated herein by reference.

4. Plaintiffs, John Hiester Chrysler Jeep, LLC and Hiester Automotive Group, Inc (hereinafter "Plaintiffs") are corporations duly authorized and licensed to do business in the state of North Carolina. Plaintiffs are organized under the laws of the state of North Carolina, with their principle place of business located at 940 North Main Street, Lillington, North Carolina 27546 and 225 S. Main Street, Fuquay Varina, North Carolina 27526.

5. Defendant Greenwich Insurance Company (hereinafter "Greenwich") is a corporation, organized under the laws of the state of Delaware and licensed to issue policies in the state of North Carolina by the North Carolina Department of Insurance.

Greenwich's principle place of business is located at C/O The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

6. The Name and address of Greenwich's Registered Agent is "Chief Financial Officer", 200 East Gaines Street, Tallahassee, Florida 32399-0000 US.

## II. JURISDICTION AND VENUE

7. The above paragraphs are hereby incorporated herein by reference.

8. This court has personal jurisdiction over this action pursuant to N.C. Gen. Stat. § 1A-1, Rule 57 and N.C. Gen. Stat. § 1-75.4 et. seq. in that the Defendant and Plaintiffs have Local Presence or Status in that both the Defendant and the Plaintiffs are engaged in substantial activity within the state of North Carolina.

9. The Plaintiffs are residents of the State of North Carolina where the events occurred out of which the claim arose.

## III. CONTROVERSY AS TO THE RIGHTS AND OBLIGATIONS OF THE PARTIES

10. The above paragraphs are hereby incorporated herein by reference.

11. On or about November 29, 2014 Defendant issued an Employment Practices Liability Insurance Policy to the Plaintiffs, Policy number ABD9776170-02 (Nefferetiti Harris Policy) that contained a $1,000,000 maximum aggregate Limit of Liability for all Damages arising out of all Claims first made during the Policy Period of November 29, 2014 to November 29, 2015.

12. That on or about February 8, 2015 Defendant issued an Employment Practices Liability Insurance Policy to the Plaintiffs, Policy number ADB9771283-04 (Duane Davis Policy) that contained a $500,000 maximum aggregate Limit of Liability for all Claims first made during the Policy Period of February 8, 2016 to February 8, 2016.

13. On or about June 27, 2016 Defendant denied coverage under the Employment Practices Liability Insurance Policy on two claims raised by the Plaintiffs.

14. That the parties have and actual, justiciable controversy as to the rights and obligations as to the following question:

    a. Does the Defendant have any right under the Employment Practices Liability Insurance Policies issued to the Plaintiffs listed above to deny the Plaintiff's claims submitted to the Defendant while the above-listed Policies were in effect?

## IV. BREACH OF CONTRACT

15. The above paragraphs are hereby incorporated herein by reference and constitute a claim for breach of contract.

16. That on or about November 29, 2014 Defendant issued a valid Employment Practices Liability Insurance Policy (Contract) to the Plaintiffs, Policy number ABD9776170-02 (Nefferetiti Harris Policy) that contained a $1,000,000 maximum aggregate Limit of Liability for all Damages arising out of all Claims first made during the Policy Period of November 29, 2014 to November 29, 2015.

17. That on or about February 8, 2015 Defendant issued a valid Employment Practices Liability Insurance Policy (Contract) to the Plaintiffs, Policy number ADB9771283-04 (Duane Davis Policy) that contained a $500,000 maximum aggregate Limit of Liability for all Claims first made during the Policy Period of February 8, 2016 to February 8, 2016.

18. That on or about June 27, 2016 Defendant denied coverage under the valid Employment Practices Liability Insurance Policy (Contract) on two claims raised by the Plaintiffs in breach of the Employment Practices Liability Insurance Policy (Contract).

19. That the terms of the contract are set out above concerning the aggregate Limit of Liability for all Clams made during their respective Policy Periods.

20. That the Plaintiffs have fully performed their obligations under the contracts.

21. That the Plaintiffs were proximately harmed by Defendant's breach of said contracts.

22. That the Plaintiffs have incurred actual damages in the form of defense of the underlying actions.

**BASED ON THE FOREGOING, PLAINTIFFS PRAYS THE COURT** for the following relief;

1. That the court conduct a hearing to declare the rights of the parties as to the issue set out above, and specifically to determine if the Defendants have a duty to defend the Plaintiffs under the Employment Practices Liability Insurance Policy issued by the Defendant to the Plaintiff and or pay related claims.

2. Damages proximately caused by Defendant's breach.

3. For such other relief as the court may deem proper and just.

4. The Plaintiffs requests trial by jury.

This the 17th day of February, 2017.

                                                                                                   _____
<br>Jason R. Kimble
<br>BUZZARD LAW FIRM
<br>NC State Bar No.: 32779
<br>728 S. Main Street
<br>P.O. Box 700
<br>Lillington, North Carolina 27546
<br>(910) 893-2900 Phone
<br>(910) 758-2457 Fax