IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-00140-FL

| | |
|---|---|
| JOHN HIESTER CHRYLSER JEEP, LLC and HIESTER AUTOMOTIVE GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GREENWICH INSURANCE COMPANY, <br><br> Defendant. | ORDER |

This matter comes before the court on defendant's motion for judgment on the pleadings (DE 8) which the court converted to a motion for summary judgment by its order issued October 18, 2017, (DE 20). In this posture, the issues raised are ripe for review. For the reasons that follow, the court grants defendant's motion for summary judgment.

## STATEMENT OF THE CASE

Plaintiffs filed this case on February 17, 2017, in the Superior Court of Harnett County, asserting declaration of coverage of claims under two employment practices liability insurance policies issued to plaintiffs by defendant on November 29, 2014 ("Harris policy") and February 8, 2015 ("Davis policy") and asserting breach of contract claims due to defendant's denial of plaintiffs' request for coverage. (See Compl. (DE 1) ¶¶ 11-14, DE 21-6, DE 21-8).[1]

---

[1] Plaintiffs seek coverage from defendant regarding two lawsuits filed against plaintiffs by two former employees alleging discrimination and unlawful discharge in separate lawsuits before this court. See Harris v. Hiester Automotive Group, Inc., et al., 5:16-cv-211-FL (EDNC); Davis v. John Hiester Chrysler Dodge Jeep, LLC, et al., 5:16-cv-210-FL (EDNC).

Defendant removed this matter on March 23, 2017, filed a timely answer on March 30, 2017, including as attachments thereto: 1) the Harris and Davis policies; 2) Equal Employment Opportunity Commission ("EEOC") charges filed by Harris and Davis; 3) complaints filed by Harris and Davis; and 4) notice received by defendant from plaintiff regarding Harris and Davis's EEOC charges.

On March 30, 2017, defendant filed the instant motion for judgment on the pleadings wherein defendant argues that plaintiffs failed to provide timely notice of plaintiffs' claims to defendant. On October 18, 2017, the court converted defendant's motion for judgment on the pleadings to one for summary judgment and provided notice to the parties. The court additionally directed plaintiffs to show cause within 21 days of issuance of the court's order why summary judgment should not be granted to defendant based on documentation submitted by defendant in conjunction with defendant's answer, the authenticity of which is undisputed.

On November 7, 2017, plaintiffs filed their response with reliance upon the following exhibits: 1) June 22, 2016 letter from defendant to plaintiff John Hiester Chrysler Dodge Jeep, LLC concerning a certain EEOC charge filed by Brandy M. Boylan; 2) June 27, 2016 letters from defendant to plaintiffs denying claim coverage for Harris and Davis's EEOC charges; 3) letters from the EEOC terminating claims for Harris and Davis; 4) the Harris and Davis policies; and 5) policies issued by defendant for both plaintiffs for 2016-2017. On November 27, 2017, defendant filed its reply.

**DISCUSSION**

A.   Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation omitted). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-

Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

B.  Analysis

The policies at issue state:

> Coverage shall apply to any Claim made against the Insured committed prior to the expiration date of this Policy, provided that the Claim is first made during the Policy Period (or Extended Reporting Period, if applicable) and written notice of said Claim is reported to the Insurer pursuant to Section VII. of this Policy.

(DE 21-6, DE 21-8 at section II). Section VII states "as a condition precedent to coverage under this Policy," the insured must "give the Insurer written notice as soon as practicable BUT IN NO EVENT LATER THAN SIXTY (60) DAYS AFTER EXPIRATION OF THE POLICY PERIOD . . . of any Claim first made during the Policy Period (or Extended Reporting Period, if applicable)." (Id. at section VII.A). The policies define claim to include "a civil, administrative, alternative dispute resolution, arbitration proceeding, or other legal proceeding, including but not limited to a charge filed with the [EEOC] or equivalent or local agency, and any appeal therefrom." (Id. at section III.B).

The Harris EEOC charge was filed April 28, 2015, and the Davis EEOC charge was filed June 23, 2015. (DE 7-3, DE 7-5). The policies at issue provided coverage to plaintiffs from November 29, 2014 to November 29, 2015 for the Harris policy and from February 8, 2015 to February 8, 2016 for the Davis policy. (See Compl. (DE 1), DE 21-6, DE 21-8). Therefore,

4

plaintiffs had, at the latest, until January 28, 2016 under the Harris policy and until April 8, 2016 under the Davis policy, to provide notice to defendant of any claim arising under each policy, pursuant to the terms of the policies at issue. Defendant received notice from plaintiffs of both claims on June 9, 2016. (DE 7-7).

Plaintiffs do not dispute that notice was not provided to defendant until June 9, 2016. Plaintiffs instead argue that 1) because defendant was not prejudiced by the late notice, coverage should be enforced; 2) defendant's subsequent actions modified the parties' contracts; and 3) defendant was properly noticed under the terms of the 2016-2017 contracts. The court will address each argument in turn below.

1. Requirement of a Finding of Prejudice under North Carolina Law

In resolving this diversity action, the court is obliged to apply the substantive law of North Carolina, where the two insurance policies were made. See Seabulk Offshore, Ltd. v. Am. Home Assurance Co., 377 F.3d 408, 418 (4th Cir.2004). Under North Carolina law, "'if the meaning of the policy is clear and only one reasonable interpretation exists, the courts must enforce the contract as written . . . .'" Dawes v. Nash Cnty., 357 N.C. 442, 448–49 (2003) (quoting Woods v. Nationwide Mut. Ins. Co., 295 N.C. 500, 506 (1978)).

In assessing whether an insurer may be relieved of its obligation to indemnify due to its insured's asserted failure to comply with a policy requirement that notice of loss be given to the insurer "as soon as practicable," North Carolina utilizes the test enunciated in several decisions rendered by its supreme court involving Great American Insurance Company (the "Great American decisions"). Great Am. Ins. Co. v. C.G. Tate Constr. Co., 303 N.C. 387 (1981); Great Am. Ins. Co. v. C.G. Tate Constr. Co., 315 N.C. 714 (1986); see also Metric/Kvaerner Fayetteville v. Fed. Ins.

Co., 403 F.3d 188, 197 (4th Cir. 2005) (applying "Great American test"). However, plaintiffs are incorrect that the test applied in the Great American decisions, including notice, good faith, and prejudice elements, applies here.[2]

Here, the policies at issue require 1) that a claim occur during the policy period; and 2) that notice be given as soon as practicable but in no event later than 60 days after expiration of the policy period. (See DE 21-6, DE 21-8 at section VII.A). The policy at issue in the Great American decisions, however, was not a "claims made and reported" policy, meaning the policy did not require the claim or notice to occur during the policy period, instead it only required that notice be given "as soon as practicable." Unlike the policy at issue in the Great American decisions, the policies presently before the court are clear and unambiguous. See Nationwide Mut. Ins. Co. v. Mabe, 342 N.C. 482, 492 (1996) ("this Court has stated that if a policy is not ambiguous, then the court must enforce the policy as written and may not remake the policy under the guise of interpreting an ambiguous provision"); see also Eagle Engineering, Inc. v. Continental Cas. Co., 191 N.C. App. 593, 599 (2008) ("prejudice is irrelevant [when] the parties have a plain unambiguous contract setting out the terms of the agreement"). Therefore, defendant does not need to show it was prejudiced by the late notice.[3]

2. Subsequent Actions Modifying Terms of Contract

Plaintiffs next argue that defendant has modified terms of the policies "unilaterally by failing

---

[2] "Put succinctly, the 'Great American test' is as follows: (1) whether there was a delay in notifying the insurer of a covered loss (the 'Notice Element'); (2) if such notice was delayed, whether the insured acted in good faith with respect to the delay (the 'Good Faith Element'); and (3) if the insured acted in good faith, whether the insurer was nevertheless materially prejudiced by the delay (the 'Prejudice Element')." Metric/Kvaerner Fayetteville, 403 F.3d at 197–98.

[3] Plaintiffs also argue that N.C. Gen. Stat. § 58-44-50 requires an assessment of prejudice. This statute addresses the timing of "proof of loss" under property insurance policies and thus has no relevance to the employment practice liability policies at issue here.

to defend EEOC claims until they are either substantiated or a Complaint is filed, creating a modification to the contract." (DE 21 at 9). Plaintiffs offer that plaintiff John Hiester Chrysler Dodge Jeep, LLC submitted notice to defendant of an EEOC charge filed by a different employee, Boylan ("Boylan claim"), with insurance coverage provided to said plaintiff under a different policy covering a different time period.[4] Defendant responded to plaintiff's notice on the Boylan claim on June 22, 2016, as follows:

> According to Section VI.B. of the Policy, the "Insurer shall have the right and duty to defend any covered Claim, even if the allegations in such Claim are groundless, false or fraudulent." Based upon the information received thus far, it appears that while a Claim has been made, no action is currently required by you. As such, it does not appear that defense counsel needs to be appointed at this time. ***However, if there are developments in this matter, including whether you hear further from Ms. Boylan and/or the EEOC and/or a lawsuit is filed, please contact us immediately so that we can make defense arrangements***.

(DE 21-1 at 3) (emphasis in original). Plaintiffs suggest that by failing to defend the Boylan claim, defendant has demonstrated that notice is futile.

Under North Carolina law, "[t]he provisions of a written contract may be modified or waived by a subsequent parol agreement, or by conduct which naturally and justly leads the other party to believe the provisions of the contract are modified or waived." Childress v. C. W. Myers Trading Post, Inc., 247 N.C. 150, 154 (1957). However, nothing in the above interaction would cause plaintiffs to "naturally and justly" believe the contracts at issue here were modified, particularly where the above interaction concerning the Boylan claim occurred <u>after</u> plaintiffs provided late notice on June 9, 2016 concerning EEOC charges brought by Harris and Davis in April and June

---

[4] The policy referenced is policy number ABD9771283-05 issued to John Hiester Chrysler Dodge Jeep, LLC with coverage for claims made during the policy period February 8, 2016 to February 8, 2017. (DE 21-1 at 3). The EEOC claim referenced was filed by Brandy M. Boylan on March 8, 2016. It appears in this matter, unlike the matter presently before the court, plaintiff John Hiester Chrysler Dodge Jeep, LLC provided timely notice to defendant of the EEOC charge filed.

7

2015.

Plaintiffs additionally argue that defendant's failure and refusal to defend the Boylan claim creates a situation where defendant should be estopped from asserting a notice defense or that defendant has waived notice requirement through defendant's actions.

Plaintiffs arguments are without merit. First, estoppel requires, in part, "reliance upon the conduct of the party sought to be estopped." Gaston-Lincoln Transit, Inc. v. Maryland Cas. Co., 285 N.C. 541, 549 (1974). Again, plaintiffs cannot argue they relied on the actions of defendant regarding the Boylan claim that occurred on June 22, 2016, in order to justify waiting until June 9, 2016, to give notice to defendant of the EEOC charges at issue in this case which were brought in April and June 2015. Second, "[w]aiver is the intentional relinquishment of a known right, and as such, knowledge of the right and an intent to waive it must be made plainly to appear." Ussery v. Branch Banking & Tr. Co., 368 N.C. 325, 336 (2015) (interior citation omitted). In no way does defendant's June 22, 2016 letter in response to the Boylan claim constitute an intentional relinquishment of defendant's right to be provided notice.

3. Notice Under the 2016-2017 Contracts

Plaintiffs argue that if they do not have coverage under the 2015-2016 policies at issue, they have coverage pursuant to the renewed 2016-2017 contracts. As stated above, the policies, including the 2016-2017 policies, require 1) that a claim occur during the policy period and 2) that notice be given as soon as practicable but in no event later than sixty days after expiration of the policy period. (See DE 21-6, DE 21-7, DE 21-8, DE 21-9 at section VII.A). The Harris EEOC charge was filed April 28, 2015, and the Davis EEOC charge was filed June 23, 2015. (DE 7-3, DE

7-5). These claims did not occur during the policy periods for the 2016-2017 contracts.[5] Additionally, although Harris and Davis each filed federal suit on April 28, 2016, these suits allege the same wrongful conduct of plaintiffs found in the Harris and Davis EEOC charges and, pursuant to the terms of the policies, are not separate claims. (See DE 21-6, DE 21-7, DE 21-8, DE 21-9 at section V.B.).[6]

## CONCLUSION

Based on the foregoing, defendant's motion for summary judgment (DE 8) is GRANTED. The clerk is DIRECTED to close the case.

SO ORDERED, this the 8th day of December, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[5] The 2016-2017 policy was issued to plaintiff John Hiester Chrysler Dodge Jeep, LLC for the policy period of February 8, 2016 to February 8, 2017, and the 2016-2017 policy issued to plaintiff John Hiester Chevrolet for the policy period of November 29, 2015 to November 29, 2016. (DE 20-7, DE 20-9).

[6] Section V.B of both the 2015-2016 and 2016-2017 policies state:

Two or more Claims based upon or arising out of the same Wrongful Act(s) or any Interrelated Wrongful Acts, shall be considered a single Claim and only one Retention shall apply. Such single Claim shall be considered first made during the Policy Period (or Extended Reporting Period, if applicable) in which the earliest Claim arising out of such Wrongful Act(s) was first made . . . .

(DE 21-6, DE 21-7, DE 21-8, DE 21-9 at section V.B.).